**UNITED STATES of America,
Plaintiff,**

v.

**Luigi Antonio ROSSI, Defendant.
No. 35163.**

United States District Court
E. D. Michigan, S. D.
July 24, 1956.

Donald F. Welday, Jr., Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Harold E. Leithauser, Leithauser & Grossbart, Detroit, Mich., for defendant.

LEDERLE, Chief Judge.

The defendant herein, Luigi Antonio Rossi, waived trial by jury and the facts not being in dispute, the court in accordance with its regular practice requested each party to file proposed Findings of Fact, and the facts as agreed upon in open court by the parties here involved are as follows:

1. The defendant, Luigi Antonio Rossi, registered with the Michigan Local Selective Service Board No. 93 on March 28, 1949, and was assigned Selective Service No. 20–93–31–168.

2. That on July 21, 1953, the defendant refused to submit to induction into the Armed Forces after being duly and regularly notified by said Local Board No. 93.

3. That the defendant was tried and acquitted of the defense of failure to submit into induction into the Armed Forces as aforesaid on November 5, 1953.

4. That following the acquittal, defendant was processed anew by Local Board No. 93. He filed a new classification questionnaire and conscientious objector form on November 22, 1954. He was given classification 1–O (signifying conscientious objector) by the local board.

5. That the defendant requested and received a personal appearance before said local board on March 12, 1954, and the classification of 1–O, previously filed, was continued.

6. That the defendant appealed his 1–O classification and the Michigan Selective Service Appeal Board classified this defendant 1–O on June 8, 1954.

7. The matter of the defendant's classification was presented and went before the Presidential Appeal Board, which affirmed the 1–O classification on February 15, 1955.

8. The facts before the Local Board, the State Appeal Board and the Presidential Appeal Board show as follows:

(a) That the defendant was baptized into the Jehovah's Witnesses' sect on August 9, 1941, which is "the mark of ordi-nation to Jehovah's Witnesses." Dickinson v. United States, 346 U.S. 389, 392, 74 S.Ct. 152, 155, 98 L.Ed. 132.

(b) Defendant was appointed a Pioneer Minister by the Watchtower Society on October 1, 1950, this signifying that defendant perform 100 hours each month active Jehovah's Witnesses' work.

(c) The defendant's secular employment record included:

(1) The Precision Spring Company, June 1950 to July 1951.

(2) The Chrysler Corporation during August and September 1951 and then from November 1952 to February 1953.

(3) Fred Sanders Corporation, intermittently (during holiday season in the latter part of 1951 and 1952).

(4) Sears, Roebuck and Company, for a substantial period of time in 1953.

(5) Part time employment with Sam Amato (The Badalament Banana Company), from August 1953 to March 5, 1955.

(6) On May 27, 1954, the defendant informed the Board by letter that he spent 160 hours per month on his ministry. He also informed the Board that the work with Sam Amato was his sole income and that he had engaged in such secular employment only to satisfy his basic needs.

(d) The defendant is a member of the Woodward Avenue Unit of the Jehovah's Witnesses. The Company Servant at the Unit is a Mr. Clayton Hall, who directs the activities of the Unit. Defendant's capacity in the Unit was an Area Bible Study Conductor (one of several such persons), whose duties consisted of leading a group of eleven to seventeen persons in biblical discussion one hour per week. The defendant also' assisted in keeping the records of the Woodward Avenue Unit. He was assigned his duties as an Area Bible Study Conductor by the Company Servant and was assigned to a particular territory by the Unit Territory Servant. Also, the defendant was one of six Pioneers in the particular territory assigned to him.

(f) On Friday evenings, defendant participated in service meetings of his congregation from approximately 7:30 to 8:30 p. m. Also on Friday evenings from 8:45 to 9:45, the defendant attended the congregation's school as a student. On occasions, he lectured on studies assigned to him by the Theocratic Ministry Servant.

(g) The Company's Servant of the Unit to which the defendant belonged had stated to the local board that the defendant's induction into the Armed Forces would be of no loss to the congregation.

9. The defendant was ordered to report for civilian work of national importance in lieu of selective service at Northville State Hospital, Northville, Michigan, on August 15, 1955.

10. The defendant reported to Northville State Hospital on August 15, 1955, but refused to perform civilian work as directed.

11. That the defendant's failure to perform civilian work of national importance in lieu of induction was knowing and intentional.

12. That there is no evidence in the record upon which the board could have found that the registrant's claim that he was a minister ordained in accordance with the ritual of his sect, and that he regularly, as a vocation, taught and preached the principles of his sect and conducted public worship in the tradition of his religion, was without basis in fact.

## Conclusions of Law

■ 1. The defendant is entitled to raise the question of the finality of his selective service classification in this proceeding. Cox v. U. S., 332 U.S. 442, 448, 68 S.Ct. 115, 92 L.Ed. 59.

■■ 2. "The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant." Estep v. U. S., 327 U.S. 114, pages 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567; Dickinson v. U. S., 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132.

■ 3. Selective service regulations, Sec. 662.44, 32. C.F.R.1941, Supp. is a valid regulation and binding in this court, Selective Service Opinion No. 14 (amended) furnishes a proper guide to the interpretation of the Act, 50 U.S.C.A.Appendix, § 451 et seq., and the regulations. Cox v. U. S., 332 U.S. 449–450, 68 S.Ct. 115.

■ 4. Since the ministerial exemption is a "matter of legislative grace, the selective service registrant bears the burden of clearly establishing a right to the exemption." Dickinson v. U. S., supra.

■ 5. The defendant here was able to establish that he fell within the statutory exemption by uncontroverted evidence that he was ordained in accordance with the ritual of his sect (Jehovah's Witnesses), and that he was regularly engaged as a vocation in teaching and preaching the principles of his religion and that the secular work which he performed was only for his basic needs.

6. It therefore follows that in accordance with the foregoing Findings of Fact and Conclusions of Law that the court must find the defendant herein not guilty of the charges filed against him for the reason that there is no basis in fact for the board denying the defendant's claim to ministerial exemption.